OPINION
Ida Wilkins appeals from her conviction in the Greene County Common Pleas Court of Complicity in the Commission of Aggravated Burglary pursuant to her guilty plea.
Ms. Wilkins' appointed counsel has filed an Anders brief stating he could find no arguable merit to this appeal. Ms. Wilkins was notified by this court on March 28, 2000, that she had sixty (60) days to file a brief assigning any errors she wished that we consider. Ms. Wilkins has not responded, and we will thus deem the appeal now submitted for our review.
The trial court sentenced Ms. Wilkins to four years in prison. The court found that a weapon was discharged by one of her co-defendants during the aggravated burglary and thus the shortest prison term would demean the seriousness of the defendant's conduct and the defendant's conduct also indicated a likelihood of recidivism., Appellant's appointed counsel conceded that the trial court has considerable discretion in sentencing and that any sentence other than a minimum sentence for a previously unincarcerated defendant can arise to an abuse of discretion only if the trial court fails to make one of the two findings required by R.C.2929.14(C).
Counsel asserts that Ms. Wilkins had not previously been incarcerated. Aggravated burglary is a first degree felony carrying definite prison terms from three to ten years. R.C.2929.14(B) provides:
 Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2525 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public by future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held that R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offenders conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. In this case, the trial court made the necessary finding required by R.C. 2929.14 and we find no abuse of discretion in the trial court's finding.
Counsel indicates that Ms. Wilkins wishes to assert that her sentence was the result of age discrimination in violation of the Civil Rights Act of 1964. Counsel notes that such a claim was not raised in the trial court and thus not properly a matter for this court to consider. In any event the record reflects that Ms. Wilkins was thirty years of age at the time of her sentencing and the record fails to portray that the trial court discriminated against the defendant because of her age in imposing the sentence.
We have reviewed the record in this case and find no arguable merit to the appeal and accordingly we affirm the defendant's conviction.
 _______________________ BROGAN, J.
WOLFF, J., and YOUNG, J., concur.